IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v.  § | |
| § | Case No. 3:14-CR-293-M |
| JOHN WILEY PRICE (01) § | |
|     a.k.a. John Wiley Price III § | |
| KATHY LOUISE NEALY (02) § | |
| DAPHENY ELAINE FAIN (03) § | |

GOVERNMENT'S RESPONSE TO
DEFENDANTS' THIRD MOTION FOR CONTINUANCE

The government respectfully submits this Response to the Defendants' Third Motion for Continuance (dkt. 258). The government does not dispute that some continuance is warranted in view of the discovery issues with Government Discovery Production 4. However, the government clarifies certain matters addressed in the motion that bear on the necessary length of any continuance. Further, to the extent the Court grants the continuance, the government also raises an issue concerning the deadline for pretrial matters for the Court's consideration.

I.  **CLARIFICATIONS TO THE DEFENDANTS' MOTION**

The government does not oppose the defendants' motion because of the difficulties by all parties in effectively loading Government's Discovery Production 4 into a searchable database. The government addresses the following matters to clarify statements in the defendants' motion.

1. **<u>Government Discovery Production 4</u>**.  The government agrees that a variety of issues have resulted in delays in the defendants being able to load Production 4 into a Summation database for purposes of effective searching.  The government, however, notes that the defendants have had a copy of Production 4 for almost four years in a non-database format.  Specifically, the government provided the vast majority of Production 4[1] to defendants Price, Nealy, and Fain no later than October 2012 in searchable PDF files.[2]  The government produced the same material again as Government Discovery Production 1 in September 2014, again in searchable PDF files.  While neither production was in a database format, the defendants have had access to this material for a considerable amount of time, despite the present issues concerning the ability to load the documents into a Summation database.  From the government's perspective, while not disputing that some continuance is warranted, this should result in a shorter continuance.

2. **<u>Government Discovery Production 8</u>**.  The defendants' motion also points to Production 8 and intimates that problems with Production 8 may necessitate a further continuance.  (*See, e.g.*, dkt. 258 at 15 ¶ P.)  The government asks this Court, to the extent there is need for a continuance based on Production 8, to take that into consideration now and factor any concerns with Production 8 into the present motion for

---

[1]   Production 4 consists of documentary materials seized in the execution of several search warrants in this case.  The original productions—in 2011 and 2012—to the defendants did not include things like valuable items and items too bulky to scan.

[2]   The government produced the material in connection with the civil forfeiture case, *United States of America v. $229,590 in United States Currency Seized from a Safe in the Home of Dallas County Commissioner John Wiley Price*, Case No. 3:12-CV-893-D.  Defendants Price and Fain are party to the forfeiture case and received the discovery between November 2011 and July 2012.  The government later provided the same material to defendant Nealy.

**Government's Response to Defendants' Third Motion for Continuance                                                        2**

continuance.  It is plain the defense is aware of some concerns relating to Production 8. What the government wants to avoid, however, is another motion for continuance at some undetermined point in the future based on problems relating to processing and/or review of Production 8.

For the Court's reference, Production 8 is a collection of forensic images of computers, cell phones, and other loose media seized in the execution of search warrants in this case.  The government originally made Production 8 available to all defendants in March 2015.  To obtain the copy, the government requested a hard drive from each defendant for purposes of making forensic copies of each item of digital evidence.  At that time, only defendant Campbell provided a drive to the government.  Before the forensic copy was ready to provide him, Campbell was engaged in plea negotiations and later agreed to let the government provide Campbell's forensic copy to the discovery coordinator.  Subsequently, counsel for the remaining defendants sought an additional forensic image of the digital evidence.  Counsel for Price, acting on behalf of each defendant, provided a drive to the government in February 2016, and a subsequent forensic copy was made and produced.

From the government's perspective, the defendants' issues with Production 8 are largely of their own making by failing to provide hard drives in March 2015 when originally requested.  That alone should weigh against a lengthy continuance based on the discovery issues with Production 8.  Further, the defendants issues with Production 8 have nothing to do with the effort to convert Concordance load files into Summation format, which is the primary cause of the issues with Production 4.

**Government's Response to Defendants' Third Motion for Continuance                                    3**

3. **References to Corrupted Load Files**. At times, defendants have characterized the government's load files as "corrupt" or "corrupted." (*See, e.g.*, dkt. 258 at 7 n.5.) That description is not accurate. The load files were provided in standard Concordance database format, as initially requested by the defendants. The defendants later switched discovery tools to Summation, but did not disclose that fact to the government until much later. As a result, the government continued to make discovery productions with Concordance-format load files. Summation, however, requires a data field in the load file that is not part of the standard Concordance load file. The discovery coordinator took steps to modify the Concordance load files so that they would work with a Summation database, creating the "modified" load files that have not successfully loaded the discovery, including Production 4, into the defendants' database. The suggestion that the government's original, Concordance load files were somehow "corrupted" is an unfair characterization because the government produced industry-standard Concordance files based on the defendants' representation that they were using a Concordance database.

4. **Government Discovery Indexes**. The defendants also identify specific issues with the indexes provided by the government. The government does not dispute that there have been necessary corrections to the indexes at times, which the government has made in a timely fashion. But the government notes that the identified errors are an incredibly small fraction of the overall discovery information in the case. Moreover, despite issues with the indexes, that does not prohibit the defendants from searching the discovery database. As a result, the issues with the indexes do not warrant a significant

continuance of the trial setting in this matter.

## II.  REQUEST TO MODIFY PRETRIAL DEADLINES

To the extent the Court grants the defendants' motion for continuance, the government asks the Court to modify the deadlines for pretrial motions and pretrial materials.  The current schedule requires motions to be filed on June 13, 2016, with two weeks for the opposing a party to respond.  (*See* dkt. 183 at 7.)  That means the motions will be fully briefed approximately two months before trial.  In discussions with the defendants, the government anticipates potentially significant motion practice.  The government submits that all parties will be better served in preparation for trial if pretrial motions are resolved as early as possible, consistent with the Court's schedule.  Thus, if the Court resets the trial date, the government asks to have an opportunity to confer with the defendants and propose a schedule for pretrial matters that would adjust the pretrial motions deadline and enlarge the response time to such motions.


----- NOTHING FURTHER ON THIS PAGE -----

### III. CONCLUSION

The government does not oppose the defendants' motion for continuance. The government asks this Court to consider the foregoing when determining whether, or to what extent, to grant the defendant's motion. Should the Court do so, the government requests an opportunity to confer with the defendants regarding an appropriate schedule for pretrial matters before the Court enters a scheduling order.

Dated: May 27, 2016

JOHN R. PARKER
UNITED STATES ATTORNEY

*/s/ J. Nicholas Bunch*
J. NICHOLAS BUNCH
Assistant United States Attorney
Texas Bar No. 24050352
1100 Commerce, Suite 300
Dallas, Texas 75242
Telephone: 214.659.8836
Facsimile: 214.767.4104
nick.bunch@usdoj.gov

### CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2016, I electronically filed the foregoing document with the Clerk of Court for the United States District Court for the Northern District of Texas using the electronic filing system of the Court. The electronic case filing system will send a notice of filing to all the attorneys of record who have consented to such service.

*/s/ J. Nicholas Bunch*
J. NICHOLAS BUNCH
Assistant United States Attorney