IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Cause No. 3:14-CR-293-M |
| | § | ECF |
| JOHN PRICE, | § | |
| KATNY NEALY, and | § | |
| DAPHENY FAIN | § | |

MOTION FOR AN AGREED ORDER WITH RESPECT TO DISCLOSURE OF SUPPLEMENTAL DISOVERY MATERIALS

The parties move this Court to enter the proposed agreed order [Attachment 1] submitted with respect to supplemental discovery materials the government intends to provide to the defendants [hereinafter "*Jencks* material"]:

**The Existing Protective Order**

1. Commensurate with the initial discovery production in this case, the government proposed a protective order governing the use of discovery materials (Doc. 65). That motion asserted that a "protective order is necessary to protect the discovery process and to permit the Government to fulfill its discovery obligations under the Federal Rule of Criminal Procedure 16, 18 U.S.C. 3500, *Brady v. Maryland,* 373 U.S. 83 (1963), *Giglio v. United States,* 405 U.S. 150 (1972), and their progeny, while giving due regard to confidential information as well as the congressional policy favoring the confidentiality of tax return and return information" (Doc. 65 at 1). The Defendants voiced various objections to the

breadth of the order sought by the government. Docs. 76, 77, 78. The Court considered the government's concerns, as well as the Defendants' positions, and entered the current protective order. Doc. 82.

2.	Subsequently, the government filed a motion to amend this order. Doc. 229. That motion asks the Court to impose additional restrictions, to be applied specifically with respect to *Jencks* material. The Defendants oppose amendment of the existing protective order and certain of the restrictions sought by the government. Doc. 240.[1]

3.	In order to facilitate the prompt and early production of *Jencks* material, the parties have engaged in an effort to resolve their differences in a manner which addresses both the government's concerns regarding *Jencks* material, including protection of witness identity, as well as defense concerns about intrusiveness into the defense function.

4.	Rule 16 (d) provides:

> (1) Protective and Modifying Orders.  At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief. The court may permit a party to show good cause by a written statement that the court will inspect ex parte. If relief is granted, the court must preserve the entire text of the party's statement under seal.
>
> (2) Failure to Comply.  If a party fails to comply with this rule,

---

[1] Incorporating the government's proposed restrictions in the existing protective order was initially suggested by the defense. However, upon realizing that those amendments would require use of Exhibit A, the defense opted instead for a separate order as the government had initially proposed.

the court may:

> (A) order that party to permit the discovery or inspection; specify its time, place, and manner; and prescribe other just terms and conditions;
> **(B)** grant a continuance;
> **(C)** prohibit that party from introducing the undisclosed evidence; or
> **(D)** enter any other order that is just under the circumstances.

The Federal Rules of Criminal Procedure do not otherwise address so-called "protective orders", nor do this District's Local Criminal Rules.

5.   A protective order and, *ergo,* any particular restriction require a demonstration of "good cause". That "good cause" must "be predicated on 'a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements'" [Doc. 67 at 1, citing *United States v. Garrett,* 571 F.2d 1323, 1326 n. 3 (5th Cir. 1978)]. " '[G]ood cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure. The injury must be shown with specificity. Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing'." *United States v. Wecht,* 484 F.3d 194, 211 (2007) (internal citations omitted).

6.   In order to achieve the objectives identified in the government's motion to amend, and at the same time not restrict the Defendants' use of the content of discovery materials for the purpose of investigation or trial preparation, the parties

submit for the Court's consideration the attached agreed order. The order affords protections for, specifically, the identify of potential witnesses, proffer agreements and immunity agreements, and statements of witnesses.

FOR THE REASONS STATED, the Court should enter the proposed, agreed order.

Respectfully submitted,

*Shirley Baccus-Lobel*
SHIRLEY BACCUS-LOBEL
A Professional Corporation
8350 Meadow Road, Suite 186
Dallas, Texas 75231
214.220.8460
sbl@lobellaw.com
Attorney for John Price

*Cheryl Brown Wattley*
Law Offices of Cheryl B. Wattley
3737 Atlanta Street
Dallas, Texas 75215
214.882.0855
Cheryl.brown.wattley@gmail.com
Attorney for Kathy Nealy

*Thomas W. Mills, Jr.*
Mills & Williams
5910 N. Central Expressway, Suite 900
Dallas, Texas 75206-5141
214.265.9265
214.363.3167 (f)
tmills@millsandwilliams.com
Attorney for Dapheny Fain

*Walt Junker*
Assistant United States Attorney
1100 Commerce Street, 3rd Floor
Dallas, Texas 75242-1699
214.659.8600
214.659.8805
walt.junker@usdoj.gov