**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | CRIMINAL NO. 3:14-cr-293-M |
| v. | § | |
| | § | |
| JOHN WILEY PRICE, | § | |
| KATHY LOUISE NEALY, and | § | |
| DAPHENY ELAINE FAIN | § | |

## ORDER GRANTING THE DEFENDANTS' UNOPPOSED MOTION FOR CONTINUANCE AND CONTINUING TRIAL DATE AND PRETRIAL DEADLINES

This matter is before the Court on the unopposed motion of Defendants John Wiley Price, Kathy Louise Nealy, and Daphney Elaine Fain for a continuance of the current trial date and pretrial deadlines. The Court finds that, due to circumstances beyond the control of any party or the Court, counsel does not have sufficient time to review the substantial volume of discovery produced in this case and adequately prepare for trial by the current trial date. Accordingly, the Court grants the unopposed Motion [Docket Entry #258] and continues the trial of this case to February 21, 2017.

This case is a complex case in which Defendants are charged in multiple counts describing bribery and tax conspiracies spanning more than a decade and

1

involving numerous financial transactions relating to multiple companies having contracts or other business with Dallas County. This case also involves a staggering volume of discovery. To date, the discovery includes approximately 7.5 terabytes of data, comprising more than 5.77 million discrete files, which are stored on a server maintained by the Federal Public Defender's Office, utilizing a "Summation" software program.[1] In addition to the data on the server, there are more than 3.5 terabytes of video and audio recordings and photographs, as well as recordings of Commissioners' Court proceedings for a decade.

As set forth in the Court's prior Orders, a variety of issues detrimentally affected and delayed the production of discovery in this case. *See* Order dated 10/29/2015 [Docket Entry #183] at 4-5. When counsel for Defendants and the government made the Court aware of these issues, the Court promptly undertook to have an active management role in the discovery process. The Court ordered the parties to make rolling discovery productions and held regular conferences with counsel for all parties to address concerns and problems as they arose. In view of the ongoing efforts to resolve the issues affecting discovery, the Court granted

---

[1] The Court has previously noted that one terabyte of storage can hold more than 85,000,000 pages of Word documents; or more than 300,000 photographs; or 500 hours of video. *See* Order dated 10/29/15 [Docket Entry #183] at 3, n.1.

Defendants' unopposed motion for a continuance and continued the trial until September 6, 2016.

When the Court granted the prior extension, the parties believed that defense counsel would be able to begin their discovery review in November 2015. This prediction underestimated the complexity of the task involved in managing the discovery in this case. The Federal Public Defender's Office, at great cost-savings to the public, has undertaken a pilot project to handle the voluminous discovery production. However, the system is new, so counsel lack prior experience with it. Because of this and the nature of the records themselves, it has taken a much longer time than anticipated to achieve a complete and searchable body of the digitalized discovery materials. The parties also have encountered serious problems involving compatibility between production load files and the litigation software used for processing the discovery. Defendants and the Federal Public Defender, as the coordinating discovery attorney, devised "work-arounds" to address these problems, but coming up with these solutions contributed to additional delay. As of June 2016, a significant portion of the discovery materials had only recently become accessible to Defendants in a usable format.

Defendants thus seek a further continuance of the trial date because they still have not had the opportunity to review a substantial portion of the discovery

produced in this case. Their motion, and the government's response, details the problems that have contributed to the continued delay in creating a complete and searchable body of the digitalized discovery materials. The government does not dispute that a continuance is warranted in view of the additional discovery issues that have continued to impede full and usable production and review. In particular, the government agrees the parties have encountered serious technical issues that have prevented Defendants from being able to load digital discovery materials into the Summation database for purposes of effective searching.

Pursuant to 18 U.S.C. 3161(h)(7)(A), the Court can grant an "ends of justice" continuance "at the request of the defendant or . . . counsel, or at the request of the attorney for the Government, if the judge grant[s] such continuance on the basis of . . . findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id.* One of the factors a court may consider in granting an "ends of justice" continuance is "[w]hether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." 18 U. S. C. § 3161(h)(7)(B)(ii).

4

Based on the facts and circumstances presented, the Court finds that it is unreasonable to expect defense counsel will have an adequate time to review the discovery, conduct an informed investigation, and prepare for trial by the current trial date. The Court therefore finds that a continuance is warranted because the ends of justice served by granting the requested trial continuance outweigh the interest of the public and the Defendants in a speedy trial. *See, e.g. United States v. Beiganowski*, 313 F.3d 264, 282 n.15 (5th Cir. 2002) (finding that an ends of justice continuance may be justified on grounds of complexity of a prosecution); *see also United States v. O'Connor*, 656 F.3d 630, 640 (7th Cir. 2011) (finding that an ends of justice continuance may be justified on grounds of the complexity of the case and the magnitude of the discovery); *United States v. Dota*, 33 F.3d 1179, 1183 (9th Cir. 1994) (finding that an ends of justice continuance may be justified on grounds that one side needs more time to prepare for trial).

Defendants' unopposed third request for continuance is **GRANTED**. The Court continues the trial of this case to **February 21, 2017 at 9:00 a.m.** The Court expects all parties to proceed to trial on the date set.

The Pretrial Conference is also continued to **January 23, 2017 at 9:00 a.m.** Counsel for Defendants and the government are ordered to meet and confer on appropriate deadlines for the filing of: (1) pretrial motions and responses; (2)

designations and responsive designations of experts; (3) *Daubert* motions; and (4) requested voir dire questions, proposed jury instructions, witness lists, exhibit lists, and motions in limine. Counsel shall file a joint report setting forth their proposed deadlines on or before **July 15, 2016**.

Counsel are also directed to the Court's prior Order [Docket Entry # 36] which sets forth other trial protocol and requirements which must be observed.

**SO ORDERED.**

**DATED:** June 24, 2016.

BARBARA M. G. LYNN
CHIEF JUDGE