IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | |
| § | Cause No. 3:14-CR-293-M |
| JOHN WILEY PRICE, § | |
| KATHY NEALY, and § | |
| DAPHENY FAIN § | |

ORDER

Before the Court are (1) a Motion for Discovery and Inspection [Docket Entry #226], filed by Defendant Dapheny Fain; and (2) a joint First Motion for Discovery [Docket Entry #237], filed by Defendants John Wiley Price, Kathy Nealy, and Dapheny Fain, seeking specific discovery items under Fed. R. Crim. P. 12 and 16, the Fifth and Sixth Amendments to the United States Constitution, and/or *Brady v. Maryland*, 373 U.S. 83 (1963). As a result of several conferences, defense counsel and counsel for the government have resolved, by agreement, many of the issues in dispute. Counsel has represented to the Court that the sole remaining disputed issue is whether the government is required to produce discovery material in separate or "discrete, complete, searchable productions" by a date certain. The Court determines the government is not required to produce the discovery materials in the manner requested by Defendants. Therefore, to the extent Defendants' Motions are not moot, they are DENIED.

Defendants argue that separate, or "discrete," productions are required by *Brady v. Maryland*, as well as Fed. R. Crim. P. 12 and 16. "As a general rule, the government is under no duty to direct a defendant to exculpatory evidence within a larger mass of disclosed evidence." *United States v. Skilling*, 554 F.3d 529, 576 (5th Cir. 2009), *vacated in part on other grounds*, 130 S. Ct. 2896 (2010) (citations omitted). A *Brady* violation will not be found where potentially

exculpatory information is available to the defendant through an exercise of due diligence. *Id*. As previously noted by the Court, this case involves a staggering amount of discovery, and there have been serious problems with creating a complete and searchable body of digitalized discovery materials. But, the government has worked cooperatively with defense counsel to overcome these challenges, and the Court has granted two lengthy continuances to accommodate counsel's review of the discovery. Given the latest update on the status of discovery, the Court concludes that, at this time, Defendants are entitled to no greater relief. *See United States v. Simpson*, 2011 WL 978235, at *9 (N.D. Tex. Mar. 21, 2011) (Fitzwater, J.) (rejecting argument that government has an obligation to provide evidence favorable to the defendant in a manner that will be of value to him).

> Rule 12(b)(4)(B) of the Federal Rules of Criminal Procedure provides that:
>
>> At the arraignment or as soon afterward as practicable, the defendant may, in order to have an opportunity to move to suppress evidence under Rule 12(b)(3)(C), request notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16.

Fed. R. Crim. P. 12(b)(4)(B). This rule is a limited procedural device that allows a defendant who is aware that the government is in possession of certain specific evidence to require that the government disclose whether it intends to present that evidence in its case-in-chief. *See United States. v. Ishak*, 277 F.R.D. 156, 159 (E.D. Va. 2011). It was not designed or intended to be used to obtain more specific discovery than that provided by Rule 16. *United States v. Lanier*, 578 F.2d 1246, 1254 (8th Cir. 1978). Nor does it exist to help defendants "prepare a proper and effective defense." *Ishak*, 277 F.R.D. at 159. Rule 12(b)(4)(B) does not require the government to produce the discovery materials in the manner requested by Defendants.

Rule 16(a)(1)(E) of the Federal Rules of Criminal Procedure requires the government to provide, prior to trial, three categories of documents in its possession, including documents (1) "material to preparing the defense," (2) that the government intends to use as evidence in its case-in-chief at trial, and (3) that were "obtained from or belong[ ] to the defendant." Fed. R Crim. P. 16(a)(1)(E). "However, it is well-settled that Rule 16(a)(1)(e) does not *require* the Government to identify specifically which documents it intends to use as evidence." *United States v. Vilar*, 530 F. Supp. 2d 616, 636 (S.D.N.Y. Jan. 17, 2008) (emphasis in original). The Court thus determines that neither Rule 12 nor 16 requires the government to produce discovery material to Defendants in separate or "discrete, complete, searchable productions."

Defendant Fain also requests that the government make its disclosures by a specific date. She tacitly acknowledges that the discovery she seeks by her Motion is "generally discoverable . . . at a later time," but urges that the critical importance of the discovery she seeks warrants an Order compelling production by a date certain. The government previously agreed to provide Defendant Fain with the requested discovery upon the entry of a protective order. See Def. Resp. [Docket Entry #230] at 4. The parties recently stipulated to the entry of an Agreed Protective Order [Docket Entry #266], and the Court anticipates that the government will promptly provide the requested discovery pursuant to the parties' agreement without further order of the Court.

Accordingly, Defendant Fain's Motion for Discovery and Inspection [Docket Entry #226] and Defendants' First Motion for Discovery [Docket Entry #237] are DENIED with respect to Defendants' request that the government be required to produce discovery material in separate or "discrete, complete, searchable productions." In all other respects, the Motions are DENIED as moot.

SO ORDERED this 27th day of June, 2016.

BARBARA M. G. LYNN
CHIEF JUDGE