IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | 3:14-CR-293-M |
| JOHN WILEY PRICE (01)<br>    a.k.a. John Wiley Price III<br>KATHY LOUISE NEALY (02)<br>DAPHENY ELAINE FAIN (03) | **ECF** |

GOVERNMENT'S REPLY BRIEF CONCERNING
RECIPROCAL DISCOVERY AND WITNESS STATEMENTS

The government requested a deadline for reciprocal discovery because the

defendants have sought to delay their obligations by exaggerating the burden of the

government's requests and interpreting Fed. R. Crim. P. 16(b) in a manner that would

render it a nullity.   The defendants demanded discovery pursuant to Fed. R. Crim. P.

16(a)(1)(E) and an early production of *Jencks* material. (Doc. 237, 266, and Mot., p. 4-5).

Since September 9, 2014, the government has provided the requested discovery and it

will comply with its continuing duty to disclose.   Pursuant to Fed. R. Crim. P.

16(b)(1)(A), the defendants' reciprocal discovery obligations were triggered some time

ago.   Yet, the defendants argue that they presently have no reciprocal discovery

obligations and may not be obligated to complete their discovery obligations until the

middle of trial when the government rests its case-in-chief.   (Mot., p. 11).   Defendants

strained interpretation of Rule 16 violates both its spirit and its directives.

The Supreme Court favors a criminal justice system that permits a complete, truthful disclosure of the critical facts. *Taylor v. Illinois*, 484 U.S. 400, 412 (1988). "Discovery, like cross-examination, minimizes the risk that a judgment will be predicated on incomplete, misleading, or even deliberately fabricated testimony."). *Id.* at 411-12.   A criminal jury trial is not "a poker game in which players enjoy an absolute right always to conceal their cards until played." *Williams v. Florida*, 399 U.S. 78, 82 (1970).   In *Williams*, the defense challenged Florida's rule permitting notice of an alibi defense. Finding this form of discovery did not violate due process or fair trial concerns, the Court went on to state that the rule was intended "to enhance the search for truth in the criminal trial by insuring both the defendant and the State ample opportunity to investigate certain facts crucial to the determination of guilt or innocence." *Id*. at 81-82.

Similarly, Fed. R. Crim. P. 16(b) is intended to avoid a "trial by ambush" strategy, which runs contrary to the ends of justice.   Once triggered, Rule 16(b) requires the defendants to allow inspection and copying of reciprocal discovery material "upon request."   Yet, defendants' interpretation of their reciprocal discovery obligations would turn "upon request" into "when I am ready" or "whenever I make up my mind."   The defendants continue to treat Rule 16 as an exhibit based statute.   That is a mistake.   The phrase "the defendant intends to use the item in the defendant's case-in-chief at trial" does not equate to the item being an exhibit.   The 2002 commentary to Rule 16 discusses an amendment to another part of Rule 16(b) whereby the provision was changed from "'the defendant intends to *introduce* as evidence [in the defendant's case-in-chief at trial]' to the

'defendant intends to *use* the item [in the defendant's case-in-chief at trial.]'   The Committee recognized that this might constitute a substantive change in the rule but believed it was a necessary conforming change with the provisions applying to the government."   A defendant's obligation to produce documents and other tangible objects should not depend on whether the materials are exhibits that are ultimately admissible at trial.   *United States v. Hardy*, 586 F.3d 1040, 1044 (6th Cir. 2009).

The defendants also seem to interpret "defendant's case-in-chief" to mean that they do not have any firm reciprocal discovery obligations until the middle of trial when the government rests its case-in-chief.   However, in modern trial practice, defendants commonly present the majority of their case-in-chief by admitting substantive, nonimpeachment evidence while cross-examining the government's witnesses.   *United States v. Holden*, 2015 WL 1514569, *4 (D. Oregon 2015).   Most courts examining that phrase in the context of Rule 16 have rejected the defendants' interpretation as too narrow and contrary to the purposes of reciprocal discovery.   *United States v. Swenson*, 298 F.R.D. 474, 477 (9th Cir. 2014) (Multiple terabyte discovery case finding that reading "case-in-chief" in defendants' manner would render Rule 16(b)(1)(A) a "nullity" unless a defendant asserted an affirmative defense or planned to put on their case after the government rested); *United States v. Larkin*, 2015 WL 4415506 *5 (D. Nevada 2015)(While Rule 16(b)(1) does not apply to impeachment evidence, it does apply "to evidence that a defendant intends to present during the examination of the government's witnesses to support his or her defense, as well as to evidence that the defendant intends

to present at trial after the government rests its case."); *United States v. Holden*, 2015 WL 1514569 (D. Oregon 2015) (Rejecting the idea that Rule 16 uses 'case-in-chief at trial' in a strictly temporal sense (*i.e.,* the period of trial after the government rests) and finding that the rule requires a defendant to disclose nonimpeachment substantive evidence that the defendant intends to use in examination of government or defense witnesses).    But see *United States v. Harry*, 2014 WL 6065705 (D. New Mexico 2014).[1]   Defendants should not be able to delay their discovery obligations until shortly before or during the trial based on claims of uncertainty regarding the intent to use an item as an exhibit. Having availed themselves of the benefits of discovery, they are now required to comply with their reciprocal responsibilities.

The defendants have been aware of their reciprocal discovery obligations for years.    They have had plenty of time to plan and organize.    Yet, defendants Price and Nealy[2] have not disclosed a single page of reciprocal discovery and have given no indication that they will do so anytime soon.    At the same time, the government has disclosed discovery material while continuing to prepare for trial, as has Fain.    Rule 16(c) contemplates a continuing duty to disclose discovery.    There is no reason that Price and Nealy cannot at least begin producing reciprocal discovery.    They simply do

---

[1] Both *United States v. Holden*, 2015 WL 1514569 (D. Oregon 2015) and *United States v. Larkin*, 2015 WL 4415506 *5 (D. Nevada 2015) analyze and reject *Harry*'s analysis and findings.

[2] Fain has already provided some reciprocal discovery to the government.   While Fain has been cooperative with the government in this regard, she is included in this reply because she joined in the defendants' overall positions as to her reciprocal discovery obligations.

Government's Reply Brief                                                                 Page 4

not make it a priority which is why the government requests that the Court set a deadline for reciprocal discovery.

Defendants' claim that they are unable to designate their reciprocal discovery from the material the government has provided.   That is not the reciprocal discovery the government presently seeks.   The defendants may designate from that material by the deadline set for exhibits.   What the government has been requesting is far more simple and limited.   The government seeks access to materials the defendants have gathered *separately* from the government's discovery productions.   For example, the government knows that Price has had Dallas County employees gather banker boxes of material for his defense since the investigation became public knowledge on June 27, 2011.   Yet after five years, the government has not been given reciprocal access to a single page of this material.[3]

The defendants' argument that it is unfair to require them to provide their reciprocal discovery in advance of trial misses the point.   Discovery is, by definition, *before* trial.   The government has given the defendants its discovery so that they can test it, investigate it, and even subpoena additional information against it if they believe that it will give greater scope to the truth.   Reciprocal discovery is meant to give the government the same opportunity.   It is not realistic to expect the government to

---

[3] The government has no idea how much material the defense has gathered on their own.   All the defendants have informed the government that no relevant material was missed at the search locations. But, the defendants have access to the employees of an entire county government.   If the amount of reciprocal discovery is small, there is no reason why it cannot be produced now.   If it is large, then all the more reason that its production should begin now in order to prevent delays.

evaluate, investigate, and subpoena additional evidence in the middle of trial—all while

the government is marshalling its evidence and coordinating a myriad of witnesses to

meet its burden of proof.    Defendants do not have a constitutional right to provide a

truncated version of the evidence that might result in a jury receiving only half the truth.

*Taylor v. Illinois*, 484 U.S. 400, 412-13 (1988), see also *United States v. Nobles*, 422 U.S.

225, 241 (1975).   Reciprocal discovery is meant to prevent that from happening by

allowing the government to examine the defendants' evidence and supplement it with

additional facts for the jury.

## II.   Reverse-*Jencks* Material

The defendants object to the government's proposal that both parties produce any

remaining witness statements no later than January 23, 2017.   Federal Rule of Criminal

Procedure 26.2 requires the production of prior statements of all witnesses, except the

defendants.    Thus, the rule provides for the reciprocal production of *Jencks* statements.

The time frame established by the rule requires the statement to be provided after the

witness has testified, as in the Jencks Act.

The government has produced Jencks material far sooner than required and is

simply seeking some parity in the discovery of witness statements.    This proposal would

still allow the defendants produce their witness statements far later than the government

while preventing unnecessary delays and eliminating unfair surprise.    In *United States v.*

*Nobles*, 422 U.S. 225 (1975), the Supreme Court recognized a district court's authority to

order the discovery of recorded statements by the witnesses who testify at trial and

allowed the court to order the discovery of all recorded statements of witnesses to be

called by the defendant.   "The Sixth Amendment does not confer the right to present

testimony free from the legitimate demands of the adversarial system . . .."   *Id.* at 241.

The government submits that it is legitimate to require the defendants to produce their

witness statements before the middle of trial in order to prevent unnecessary delays.

## Conclusion

The United States respectfully requests that the Court set deadlines for reciprocal

discovery and for both parties to produce any remaining witness statements.

Respectfully submitted,

JOHN R. PARKER
UNITED STATES ATTORNEY


s/ *Walt M. Junker*

Walt M. Junker
Assistant United States Attorney
Texas State Bar Number 24038115
1100 Commerce Street, Suite 300
Dallas, Texas 75242
Telephone:   (214) 659-8630
Facsimile:    (214) 659-8805
walt.junker@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

   I hereby certify that on August 1, 2016, correct copies of this reply brief were served on counsel of record by electronically filing it as an exhibit with a motion for leave to file with the clerk of court for the U.S. District Court, Northern District of Texas using the ECF system.


s/ *Walt M. Junker*

Walt M. Junker
Assistant United States Attorney