IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 3:14-Cr-00293-M |
| | § | ECF |
| JOHN WILEY PRICE (1) | § | Barbara M. G. Lynn, Chief Judge |

## MOTION FOR PRETRIAL NOTICE OF OTHER CRIMES, WRONGS, OR ACTS, IF ANY, WHICH THE PROSECUTION INTENDS TO MENTION, ALLUDE TO, OR OFFER AS EVIDENCE DURING THE TRIAL

Defendant Price, through counsel, moves this Court to order the government to provide notice, by a date certain well in advance of trial, of any other crime, wrong, or purported bad act allegedly committed by the Defendant, if any, which the prosecution intends to mention, allude to, or offer as evidence during the trial of this cause under Rule 404(b), F.R.Crim.P., **and the purpose** for which any such other act will be offered.  In support of this motion the Defendant submits the following:

Rule 401, F.R.Evid. provides:

Evidence is relevant if:

(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and

(b) the fact is of consequence in determining the action.

Rule 402, F.R.Evid. provides:

> Relevant evidence is admissible unless [the U.S. Constitution, a
> federal statute, these rules, or other rules prescribed by the Supreme
> Court] provides otherwise [and]

> Irrelevant evidence is not admissible.

Rule 403, F.R.Evid. states:

> The court may exclude relevant evidence if its probative
> value is substantially outweighed by a danger of . . .
> unfair prejudice, confusion of the issues, misleading the
> jury, undue delay, wasting time, or needlessly presenting
> cumulative evidence.

Rule 404(a)(1), F.R.Evid. provides:

> Evidence of a person's character or character trait
> is not admissible to prove that on a particular
> occasion the person acted in accordance with the
> character or trait.[1]

Rule 404(b) provides:

> (1) Evidence of a crime, wrong, or other act is not
>     admissible to prove a person's character in
>     order to show that on a particular occasion the
>     person acted in accordance with the character.

---

[1] There are exceptions. Evidence of a witness' character is admissible under Rules 607, 608, and
609. Rule 404(a)(3). A defendant may offer evidence of a pertinent trait and, if admitted, the
prosecution may offer evidence to rebut. Rule 404(a)(2)(A). Subject to the limitations in Rule
412 (sex offense cases), a defendant may offer evidence of an alleged victim's pertinent trait and,
if admitted, the prosecution may offer evidence to rebut. Rule 404(a)(2)(B). In a homicide case,
the prosecution may offer evidence of the alleged victim's trait of peacefulness to rebut evidence
that the victim was the first aggressor. Rule 404(a)(2)(C).

(2) This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident [provided the prosecution provides reasonable notice of same upon request].

## II.

The law in the area of extrinsic acts is extensive. For extrinsic acts to be relevant to an issue other than character, they must be shown to be (1) offenses (2) which are similar to the charged offense. *United States v. Guerrero*, 650 F.2d 728, 733 (5th Cir. 1981) ("relevancy under *Beechum* is a function of the degree of similarity between the extrinsic act and the offenses charged"; conviction reversed due to prejudicial effect of the erroneously admitted evidence). The admission of other crimes or misconduct risks substantial prejudice. *Old Chief v. United States*, 519 U.S. 172 (1997); *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998).

Under *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978) (en banc), *cert. denied*, 440 U.S. 920 (1979), the Court must engage in a two-part test to determine the admissibility of the extrinsic evidence. First, the Court must determine that the extrinsic offense evidence is relevant to an issue other than the defendant's character, i.e., motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. The second step mandated by *Beechum* is that the

evidence must possess probative value that is not substantially outweighed by its undue prejudice. **In addition**, the extrinsic evidence **must also meet the other requirements of Rule 403** (substantially outweigh danger of confusion, misleading jury, undue delay, waste of time, needless presentation of cumulative evidence).

Moreover, a determination of probative value of proffered evidence is by no means a determination of relevance under Rule 401. *E.g., United States v. Jackson*, 339 F.3d 349, 356 (5th Cir. 2003) (reversed due to prejudicial effect of erroneous admission of a prior state conviction and the defendant's parole status; the Court noted the difference between the calculation required by Rule 401's relevance and Rule 403's probative value). And, as the Court observed in *United States v. Gutierrez-Mendez,* 752 F.3d 418 422-423 (5th Cir. 2014), the *Beechum* analysis is really a 3-step process: in addition to relevance for a purpose other than character, and of a probative value not substantially outweighed by prejudicial effect, there must be sufficient evidence that the claimed bad act actually occurred. This latter condition was not met in *Gutierrez-Mendez* (*id.* at 424) and therefore admission of that evidence was erroneous, albeit harmless in the circumstances of the case. *Id.* at 423-424. 426-427/

Guidance for the proper determination of the question can found *United States v. Levario Quiroz*, 854 F.2d 69 (5th Cir. 1988). In *Levario Quiroz* the defendant

shot a border patrol officer and claimed self-defense.  The government introduced evidence of an extrinsic offense where the defendant shot another person and claimed self-defense.  The Court found "plain error" and reversed the conviction, stating: "whether a defendant can claim self-defense for his own act of violence always depends upon the peculiar facts that surround the incident." *Id.* at 73.

The Fifth Circuit has also recognized that improper admission of evidence may constitute a violation of due process under the United States Constitution. Evidence must be "strictly relevant to the particular offense charged." *Williams v. New York*, 337 U.S. 241, 247 (1949). As the Fifth Circuit observed in *United States v. Hays*, 872 F.2d 582, 587 (5th Cir. 1989):

> Nevertheless, our review of erroneous evidentiary rulings in criminal trials is necessarily heightened.  As the Supreme Court has instructed, evidence in criminal trials must be "strictly relevant to the particular offense charged." *Williams v. New York*, 337 U.S. 241, 247, 69 S.Ct. 1079, 1083, 93 L.Ed.2d 1337 (1949).  "The admission of irrelevant facts that have a prejudicial tendency is fatal to a conviction, even though there was sufficient relevant evidence to sustain the verdict." *United States v. Allison*, 474 F.2d 286, 289 (5th Cir. 1973) (citing *Williams v. United States*, 168 U.S. 382, 18 S.Ct. 92, 42 L.Ed. 509 (1987)).  Thus, when viewing the error alleged, we must examine the consequences of the error in light of the entirety of the proceedings.  To that end, we are constrained to take into account "what effect the error had or reasonably may be taken to have had upon the jury's decision." *Kotteakos v. United States*, 328 U.S. 750, 764 . . . (1946).  While we realize that it is indeed a rare case

that is reversed on the basis of erroneous evidentiary rulings under Fed. R. Evid 401 and 403, we nevertheless emphasize that we are bound to zealously guard against emasculation of the important protections that those rules afford the defendants in criminal cases.

Rule 403 requires "a balancing of interests to determine whether logically relevant evidence is also legally relevant." *Id.*

## III.

The Defendant has requested that the prosecution provide this notice but has received no response to its requests. This Court should order the prosecution to **provide notice to the Defendant of any other purported crime or bad act and the purpose for which it will mention or proffer such act in reliance upon Rule 404(b), not later than November 1, 2016**. Notice must be provided well in advance of trial because the defense must be able to prepare, investigate, and make appropriate searches for data as it continues to process the volume of discovery in this case. Any further delay in the notice would be unduly burdensome.

## IV.

In addition, the Defendant respectfully requests **that any such notice be made in letter form** to counsel for the Defendant with a copy to the Court.

FOR THESE REASONS, the Defendant's Motion for Notice of Evidence of

Other Crimes, Wrongs, or Acts and notice of the purpose for which such evidence

will be proffered should be granted.

Respectfully submitted,

*/s/Shirley Baccus-Lobel*_____
Shirley Baccus-Lobel
Law Office of Shirley Baccus-Lobel
A Professional Corporation
8350 Meadow Road, Suite 186
Dallas, Texas 75231
214/220-8460
214/987-3169 (f)
sbl@lobellaw.com
Attorney for Defendant

## CERTIFICATE OF CONFERENCE

On May 2, 2016, I contacted AUSAs Junker, Miller, and Bunch and asked
that the government provide the notice sought in this motion.  No notice or reply
was received.  I contacted the prosecution in July 2016 and again asked for this
information and also requested the government's position on the motion.  No reply
was received. Subsequently, without discussion, the government provided the
defendants with a list of numerous pretrial deadlines which included January 9,
2017 for disclosure of any Rule 404(b) material.

*/s/Shirley Baccus-Lobel*
Shirley Baccus-Lobel

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 5, 2016 I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case files system of the court.  The electronic case files system sent a "Notice of Electronic Filing" to the following individuals who have consented in writing to accept this Notice as service of this document by electronic means: AUSAs Walt Junker, Katherine Miller, and Nick Bunch, 3rd Floor, 1100 Commerce, Dallas, Texas 75242; and all other counsel of record.

*/s/Shirley Baccus-Lobel*
Shirley Baccus-Lobel